Curt DANIELS, doing business as
Indian Creek Corp., Plaintiff—
Appellant,

v.

State of IOWA; Jeffrey R. Vont; Lyle
W. Asell; Paul Johnson; Larry Wil-
son; Julie Nelson, Defendants—Appel-
lees.

No. 05–2538.

United States Court of Appeals,
Eighth Circuit.

Submitted: Feb. 13, 2006.

Decided: March 14, 2006.

Curtis N. Daniels, Chariton, IA, pro se.

Timothy Dean Benton, David S. Stew-
ard, Attorney General's Office, Des
Moines, IA, for Defendants—Appellees.

Before RILEY, MELLOY, and
BENTON, Circuit Judges.

PER CURIAM.

Curt Daniels appeals the district
court's [1] dismissal of his 42 U.S.C. § 1983
action. The claims in his federal action
relate to alleged irregularities in a prior,
civil environmental enforcement action
that the State of Iowa brought against
Daniels in Iowa state court. That action
resulted in an injunction and a $95,000
fine. Daniels filed an untimely appeal with
the Iowa Supreme Court, which that court
dismissed. He then unsuccessfully peti-
tioned the Iowa Supreme Court and the
United States Supreme Court for further
review.

Approximately ten months after the
United States Supreme Court denied Dan-
iels's petition for certiorari, he initiated the
present action in federal district court.
The defendants filed a motion to dismiss.
In a thorough and well-reasoned order, the
district court granted the defendants' mo-
tion, finding in favor of the defendants on
numerous, alternative grounds: (1) subject
matter jurisdiction was lacking under the
Rooker–Feldman Doctrine; [2] (2) even if
jurisdiction existed, Daniels's claims would
be barred under the doctrines of res judi-
cata and collateral estoppel; (3) Daniels's
claims against the State of Iowa and the
individually named plaintiffs in their offi-
cial capacities were barred by sovereign
immunity; and (4) the claims against the
individually named plaintiffs in their indi-
vidual capacities were barred by qualified
immunity.

We affirm for all of the reasons set forth
by the district court. 8th Cir. R. 47B. We
write further only as to one issue. Daniels
argues that the size of the fine imposed by
the state court was so large that it
amounted to a criminal rather than civil
fine and that the denial of the full protec-
tions of due process attendant to criminal
proceedings render the state court pro-
ceedings void ab initio. He argues fur-
ther that he had no opportunity to present
this issue to the state courts.

We disagree with Daniels's assertion
that he had no opportunity to raise this
issue in state court. The potential fine
was apparent from the outset of the state

---

1. The Honorable James E. Gritzner, United
States District Judge for the Southern District
of Iowa.

2. D.C. Court of Appeals v. Feldman, 460 U.S.
462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983);
Rooker v. Fid. Trust Co., 263 U.S. 413, 44
S.Ct. 149, 68 L.Ed. 362 (1923).

court proceedings, and, as such, he could have raised this issue in the state trial court. Even if this argument had somehow been unavailable during trial, he could have raised it in a timely appeal. Because Daniels failed to present this issue to the state courts, his present attempt to characterize the underlying proceedings as criminal and to collaterally attack those proceedings in this court fails for lack of exhaustion of state remedies.

The judgment of the district court is affirmed.